### PLYMPTON.

Where a town clerk died, and the selectmen appointed a clerk *pro tempore*, who was duly sworn, and acted as clerk at an election of representative; and it did not appear that there was any fraud or intentional neglect on the part of the selectmen, or any objection on the part of the voters; the election was not thereby invalidated.

THE election of Joseph B. Nye, returned a member from the town of Plympton, was controverted by Martin Perkins and five others of that town, on the ground, "that the town clerk,

[1] 74 J. H. 267.

at the time of Mr. Nye's election, held his office by an appointment from the selectmen, and not by a vote of the town."

The committee on elections, to whom the case was referred, reported thereon, that the town clerk of Plympton having died, previous to the first of November last, the selectmen, under the authority of the Rev. Sts. c. 15, § 50, appointed a clerk *pro tempore*,[1] who was duly sworn to perform his duty, and officiated as clerk at the annual election on the 10th of November, when Mr. Nye was elected a representative by a majority of seventy-five votes.

The committee further reported, that, " in the absence of all allegation of fraud, [or of any intentional neglect on the part of the selectmen,] and from the fact that no objection was raised at the time by the voters," they were of opinion, that the election was not void, and therefore that the petitioners have leave to withdraw their petition.

The report, as originally made, was amended by inserting the words in brackets, and, as amended, was agreed to.[2]

---

[1] By the Rev. Sts. c. 15, § 49, whenever, at any *town-meeting*, there shall be a vacancy in the office of town clerk, or he shall be absent, the selectmen are to call on the qualified voters present to elect a clerk *pro tempore;* and by § 50, in *other cases*, the selectmen are authorized to appoint a clerk. The clerk, so chosen or appointed, is required to be sworn.

